PONDER, Justice.
 

 The defendant appeals from his conviction in the mayor’s court on a charge of violating ordinance 395 of the Town of
 
 *272
 
 Pinevilie. Ordinance 395 regulates
 
 the
 
 business of plumbing in the Town of Pinevilie and requires a permit to engage in such business in the town limits. The defendant moved to quash the charge, prior to his arraignment, on the ground that the town did not have authority to regulate the business of plumbing for the reason that the Legislature, by special legislation, has seen fit to control this trade or calling. The motion was overruled and the sole bill of exception appearing in the record was reserved to this ruling.
 

 Counsel for the defendant takes the position that the Legislature, by Act No. 248 of 1924, retains the right to license and control the trade of plumbing in the state and by so doing took it out of the category of police power and limited the control to cities or towns of more than 10,000 inhabitants. Counsel contends that this Court recognized the fact that towns like Pinevilie, having a population less than 10,-000, had no right to regulate the plumbing business when it stated in the case of State v. Malory, 168 La. 742, 123 So. 310, 313, that, “The defendant has the same right to do plumbing work in towns and villages having a population under 10,000 without a plumber's license or certificate as any other citizen of the state, * *
 

 Act 248 of 1924 created a board of examiners of journeymen plumbers with authority to adopt tests of qualifications of persons engaging in doing plumbing work and to issue licenses to those who met the examination requirements, upon payment of a fee to be fixed by the board. No one is permitted to engage in doing plumbing work, unless he possess the required certificate. It is specifically stated in the act that it shall apply to cities óf more than 10,000 inhabitants.
 

 From our appreciation of the act, it has no application whatsoever to cities or towns having less than 10,000 inhabitants. In fact, the act by its very terms restricts its application to cities of more than 10,000 inhabitants.
 

 In the Malory case the state appealed from a judgment dismissing a charge agáinst a defendant for doing plumbing work-in the City of Shreveport without having obtained the certificate required by Act No. 248 of 1924. An attack was made on the act on two grounds: First, that the title of the act did not comply with the requirement of the state Constitution; and, second, that it violated the Fourteenth Amendment of the Constitution of the United States. The lower court sustained a motion to quash the charge on the ground that there was an unreasonable discrimination in violation of the Fourteenth Amendment of the federal Constitution. On appeal it was held that the act did not violate the provision of either Constitution. In the course of discussing whether or not the act violated the federal Constitution, this Court made the statement relied on by the defendant in the present 'case, and further stated, “and no other citizen of the state
 
 *273
 
 in or outside the City of Shreveport is permitted to come in competition with the defendant in doing plumbing work in said city unless he obtains a certificate and license as provided for in the statute.” The Court was discussing whether or not the provisions of the act discriminated against the defendant in such a way as to amount to such “class legislation” as is prohibited by the federal Constitution. The language used cannot be construed as counsel contends for the reason that it merely goes to the effect that the defendant in that case had the same right to engage in plumbing work in the City of Shreveport or towns and villages having a population of less than 10,000 that any other citizen would have. No other citizen could engage in the plumbing work in the City of Shreveport, a city having a population over 10,000, without having obtained the required certificate and no other citizen of the state, under the provisions of the ordinance, can engage in doing plumbing work in Pineville without a permit. This Court in the Malory case was merely pointing out the fact that the act did not discriminate against the defendant in that case. In fact, the only matter before the Court at that time was the constitutionality of Act No. 248.
 

 There is nothing in this record to indicate that the defendant in this case has been discriminated against or that any other citizen has been permitted to do plumbing work in Pineville without a permit.
 

 For the reasons assigned, the conviction and sentence are affirmed.